IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROCHELLE A. PAPURT, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JEROMEY IAN BELL, A/K/A JEROME
IAN BELL, DECEASED

     v.                                                           C.A. NO. 15-2523

NORTHAMPTON COUNTY
DEPARTMENT OF CORRECTIONS, et al.

MEMORANDUM OPINION

SCHMEHL, J.    /s/ JLS                                         FEBRUARY 14, 2017

       This wrongful death and survival action was originally commenced by plaintiff, as the personal representative of the deceased Jeromey Bell, in the Court of Common Pleas of Northampton County, then removed by the government defendants Northampton County Department of Corrections, Northampton County, Todd L. Buskirk, Micahel Bateman, Joseph Kospiah, and Arnold Motos (the "government defendants") to this court on the basis of federal question jurisdiction. Plaintiff alleges that the decedent was found unresponsive in his cell at Northampton County Prison and later died at a local hospital. Plaintiff was granted leave by the Court to file an Amended Complaint which she filed on July 2, 2015. By Order entered on January 20, 2017, the Court granted the plaintiff's unopposed motion to dismiss all claims against the government defendants. As a result only two professional negligence claims (Counts VII and XXI) remain against defendant PrimeCare Medical, Inc. ("PrimeCare"), a private Pennsylvania corporation, which provided medical services to Northampton County Prison.

1

Presently before the Court is the motion of PrimeCare to dismiss the remaining two counts against it for lack of subject matter jurisdiction. For the reasons that follow, the Court will deny the motion to dismiss and instead remand the remaining two claims to the Northampton County Court of Common Pleas.

Federal courts have original jurisdiction over claims based on federal constitutional law. 28 U.S.C. §§ 636(c), 1331. State law claims that are part of the same "case or controversy" as those federal claims are subject to the Court's supplemental or pendent jurisdiction. *Id*. at § 1367(a). Courts are given discretion to dismiss even those state law claims over which jurisdiction exists under § 1367(a) in four circumstances: (1) when the claim raises a "novel" or "complex" state law issue; (2) when the state law claim would "substantially predominate" over the related federal claim; (3) when the district court has dismissed all claims over which it had original jurisdiction; and (4) in "exceptional circumstances," when "there are other compelling reasons for declining jurisdiction." Id. at §1367(c). When considering whether to exercise its discretion to dismiss a state law claim despite supplemental jurisdiction, courts must consider: (1) judicial economy; (2) convenience; (3) fairness; and (4) comity. *Carnegie Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). When all claims establishing original jurisdiction are dismissed before trial, federal courts generally "decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

In this case, the Court has already dismissed all claims over which it had original jurisdiction, and judicial economy, fairness and convenience do not require this Court to retain jurisdiction over the remaining state law claims. Plaintiff's decedent was a Northampton County, Pennsylvania resident and the remaining claims relate to the alleged professional negligence of a

Pennsylvania corporation. Such cases are usually prosecuted in state court which is more familiar with the state law pertaining to professional negligence. Furthermore, the location of the Trial in Northampton County will be more convenient to most of the prospective witnesses in this case. Moreover, this case was originally filed in state court and therefore can simply be remanded without the plaintiff having to re-file and re-serve PrimeCare. As a result, there would be no issue regarding Pennsylvania's two-year statute of limitations on medical malpractice claims. The fact that this case is, with the exception of expert depositions, trial ready, will make it all the more easier for the state court to quickly schedule a trial and dispose of this matter. There being no "exceptional" reason why the Court should retain this case involving only state claims, *Atkinson v. Old Economic Financial Consultants, Ltd.,* 2006 WL 2246405, *2 (W.D. Pa. 2006), the Court will remand the professional negligence counts to the Court of Common Pleas of Northampton County.